UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDWARD SEELY, *et al.*,

Plaintiff,

v.

ISIDRO BACA, RON SCHRECKENGOST, LISA WALSH, E. K. MCDANIEL, GREG COX, BRIAN SANDOVAL,.

Defendants.

Case No. 3:15-cv-00118-MMD-VPC

ORDER

**I. SUMMARY**

Before the Court are Plaintiffs' two objections to the Magistrate Judge's pretrial rulings relating to discovery disputes. (ECF Nos. 63, 70.) The Court has reviewed Defendants' responses to Plaintiff's objections. (ECF Nos. 66, 71.)

**II. LEGAL STANDARD**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes,

case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. OBJECTION TO JANUARY 18, 2017 DISCOVERY RULINGS (ECF No. 63)[1]

On January 18, 2017, after hearing arguments on Plaintiffs' discovery motions, the Magistrate Judge denied some of Plaintiffs' requests, took some issues under submission and directed the parties to participate in a telephonic meet and confer to determine the status of Plaintiffs' issues concerning discovery. Having reviewed the briefs relating to Plaintiffs' objection as to the Magistrate Judge's rulings, the Court agrees with Defendants that Plaintiffs have not demonstrated that the Magistrate Judge's rulings are clearly erroneous or contrary to law.

## IV. OBJECTION TO MARCH 1, 2017 RULING ON DISCOVERY OF DRAFT AGREEMENT (ECF NO. 70)

The Magistrate Judge determined that Defendants are not required to disclose to Plaintiffs a draft proposed settlement agreement ("Draft Document") prepared by the U.S Department of Justice, Civil Rights Division, in connection with its investigation of the Northern Nevada Correctional Center under the Americans with Disabilities Act and the Rehabilitation Act.[2] (ECF No. 67.) The Magistrate Judge reasoned that the Draft

///

---

[1] LR 7-3(b) limits the length of motions, other than motions for summary judgment, to 24 pages. Plaintiffs' objection is 29 pages in length and exceeds the limit established under LR 7-3(b).

[2] Plaintiffs' objection references "the ADA Report," suggesting that the report identified deficiencies that predated any settlement. (ECF No. 70 at 9.) However, as the Magistrate Judge determined, the document in dispute is a draft settlement agreement, not a report of any alleged non-compliance issues.

2

Document is a proposed settlement agreement to which Plaintiffs are not parties, is neither signed nor finalized and is not admissible under Federal Rules of Evidence 408.

Plaintiff argues that discovery is not limited to what is admissible, citing to Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides in part that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is limited by what is relevant to the parties' claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Here, the Magistrate Judge correctly found that the Draft Document is not relevant to Plaintiffs' claims because it is in draft form, is not finalized nor signed and Plaintiffs were not parties to the dispute that resulted in the Draft Document being prepared. Thus, Plaintiffs have not demonstrated that the Magistrate Judge's ruling is clearly erroneous or contrary to law.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiffs' objections.

It is therefore ordered that Plaintiffs' objections to the Magistrate Judge's discovery rulings (ECF Nos. 63, 70) are overruled.

DATED THIS 11th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE