UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDWARD SEELY, *et al.*,

Plaintiffs,

v.

ISIDRO BACA, *et al.*,

Defendants.

Case No. 3-15-cv-00118-MMD-VPC
(Consolidated with 3:15-cv-00124-MMD-VPC and 3:15-cv-00126-MMD-WGC)

ORDER

**I.  SUMMARY**

Before the Court is Magistrate Judge Valerie P. Cooke's Amended Report and Recommendation[1] ("Amended R&R") (ECF No. 108) regarding Defendants'[2] Motion for Summary Judgment ("Motion"). (ECF No. 78.) Plaintiffs[3] and Defendants filed objections (ECF Nos. 104, 109) and responses (ECF Nos. 107, 110), which the Court has reviewed. For the reasons described below, the Court finds good cause to accept and adopt the Amended R&R in full.

**II.  BACKGROUND**

The Court adopts the factual background and procedural history as set out in the Amended R&R. (ECF No. 108 at 1-2.)

---

[1] The initial R&R contained a clerical error that the Amended R&R corrected.

[2] Isidro Baca, Barbara Cegavske, James Greg Cox, Adam Laxalt, E.K. McDaniel, Brian Sandoval, Ronald Schreckengost, and Lisa Walsh.

[3] Edward Seely, André Boston, and William Lyons.

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

## IV. DEFENDANTS' OBJECTIONS (ECF No. 109)

Defendants object to the Amended R&R on two grounds. First, Defendants argue that the Magistrate Judge erred by refraining from granting qualified immunity to the Defendants on all of Plaintiffs' surviving claims. (ECF No. 109 at 4.) Second, Defendants argue that the Magistrate Judge erred in purportedly expanding the scope of Plaintiffs' Americans with Disabilities Act ("ADA") claims. (*Id.* at 7.) The Court finds both arguments unpersuasive.

### A. Qualified Immunity

The Magistrate Judge declined to grant summary judgment on the basis of qualified immunity due to unresolved issues of genuine material fact: whether Plaintiffs Seely and Lyons—who were in wheelchairs—were able to access outdoor exercise facilities including the athletic field, track, gym, gym bathrooms, sinks, drinking fountains, and outdoor bathrooms. (ECF No. 108 at 26.) The Court finds that the Magistrate Judge did not err. Summary judgment is inappropriate when qualified immunity depends on issues of disputed fact. *See, e.g.*, *Lolli v. Cty. of Orange*, 351 F.3d 410, 421 (9th Cir. 2003). If Plaintiffs Seely and Lyons were unable to access outdoor exercise facilities in their wheelchairs, then they were effectively deprived of outdoor exercise altogether. Defendants themselves acknowledge that "[t]he Ninth Circuit has made clear that 'some

form of regular outdoor exercise is extremely important to the psychological and physical well-being of the inmates.'" (ECF No. 109 at 6 (quoting *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)).) Defendants contend that "allowing inmates to use the athletic field or other areas outside" could constitute "some form of regular outdoor exercise," but the jury may find that Plaintiffs had no access to "the athletic field and other areas outside" whatsoever due to inaccessibility, in which case Defendants would have violated a clearly established right. (*See id.* at 6.)

### B. Scope of Screening Order

The Magistrate Judge interpreted Plaintiffs' complaints "to raise two separate ADA and RA [Rehabilitation Act] claims [as to Plaintiffs Seely and Lyons] based on different underlying factual allegations: (1) an ADA and RA discrimination claim [involving] the level system, and (2) an ADA and RA accessibility claim based on NNCC's [Northern Nevada Correctional Center] exercise facilities." (ECF No. 108 at 18.) Defendants contend that the second claim exceeds the scope of the Screening Order (ECF No. 5). (ECF No. 109 at 7.) The Court finds that the Screening Order encompasses both claims. First, the Screening Order identifies factual allegations supporting an ADA claim based on lack of access to NNCC's exercise facilities:

> Plaintiff claims he is only given access to two general areas during yard time. Those areas are the athletic field and the gym. The athletic field does not have a paved track and instead consists of sand, dirt, gravel, and grassy areas, which impede access for him. The pull-up bar on the field is nine feet off of the ground, and is thus unusable by someone in a wheelchair. The gym has no wheelchair accessible restrooms or toilets, and the equipment is set up on a gym stage with no wheelchair accessibility. Neither area has any protection from inclement weather.

(ECF No. 5 at 4-5 (citations omitted).) The Screening Order further states that Plaintiff Seely contests his lack of access to prison facilities, noting that this is typical of state prisoners' ADA claims. (*See id.* at 8; *see also* ECF No. 108 at 15 (describing Plaintiff Lyons's grievances regarding his lack of access to prison facilities).) In addition, the Screening Order states that Plaintiff Seely's claim is based in part on Plaintiff Seely's requests for reasonable accommodation for his disability-related needs that were ignored.

3

(ECF No. 5 at 8.) Plaintiffs Seely and Lyons's requests make "it . . . clear . . . that [Plaintiffs] provided prison officials notice that [they] had a possible ADA discrimination claim based on [their] lack of access to exercise facilities suitable to [their] disabilit[ies]." (ECF No. 108 at 10.)

## V. PLAINTIFFS' OBJECTIONS (ECF No. 104)

Plaintiffs' objections to the Amended R&R relate to the Magistrate Judge's recommendations regarding Plaintiffs' claims for violation of the ADA and their rights under the Equal Protection Clause of the Fourteenth Amendment.[4] The Court finds Plaintiffs' objections unpersuasive.

### A. ADA Discrimination Claim

Plaintiffs contend that the Magistrate Judge should have considered Defendants' failure to make reasonable accommodations as a basis for liability under the ADA. (ECF No. 104 at 9.) However, Plaintiffs' ADA discrimination claim encompasses Defendants' purported failure to make reasonable accommodations. The Court understands Plaintiffs' claim to be that Defendants discriminated against Plaintiffs on the basis of their disabilities by denying them access to outdoor exercise facilities altogether. Such a claim implies the absence of reasonable accommodations.

### B. Equal Protection Claim

Plaintiffs further object to the Amended R&R on the basis that the Magistrate Judge mischaracterized their equal protection claim. (*Id.* at 11.) The Magistrate Judge characterized Plaintiffs' equal protection claim as a claim that they are treated differently from similarly situated inmates in the Senior Structured Living Program ("SSLP"). (ECF No. 108 at 22-23.) Plaintiffs contend that they "never asserted they were denied [SSLP] benefits as an equal protection claim." (ECF No. 104 at 11.) Plaintiffs clarify that "[D]efendants intentionally treated them differently than those similarly situated and non-disabled inmates in [SSLP]." (*Id.* at 13.) However, Plaintiffs' clarified statement of their

---

[4]Plaintiffs also objected to a clerical error that appeared in the initial R&R but was corrected in the Amended R&R.

claim still rests upon the premise that Plaintiffs are similarly situated to individuals in SSLP. The Magistrate Judge found that Plaintiffs cannot be similarly situated to inmates in SSLP because SSLP includes only those individuals who are both sixty or older and obtain the recommendation of the SSLP manager. (ECF No. 108 at 23.) Plaintiffs do not satisfy either of these requirements. (*Id.*) Accordingly, the Court agrees with the Magistrate Judge.

**VI. CONCLUSION**

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 108) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 78) is granted in part and denied in part consistent with the Magistrate Judge's Amended R&R.[5] Summary judgment is granted as to all claims brought by Plaintiff Boston, and Plaintiff Boston is dismissed from this action. Summary judgment is granted as to the remaining Plaintiffs' (Seely and Lyons) Fourteenth Amendment claim as well as their ADA and RA claims based on allegations involving the level system. Summary judgment is denied as to the remaining Plaintiffs' Eighth Amendment claim as well as their ADA and RA claims based on allegations regarding the inaccessibility of NNCC's outdoor exercise facilities.

DATED THIS 20th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5] The Amended R&R erroneously recommends granting summary judgment as to Plaintiffs' ADA and RA claims based on allegations regarding the inaccessibility of NNCC's outdoor exercise facilities and denying summary judgment as to Plaintiffs' ADA and RA claims based on allegations involving the level system. This is merely a clerical error, and the substance of the Amended R&R supports the conclusion described herein.